IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DIEDRE MICHELLE WILSON,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00317 |
| ) | Judge Richardson / Frensley |
| **BANK OF AMERICA, N.A.,** ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

In this action, Plaintiff Deirdre Michelle Wilson, who is proceeding pro se, alleges that Defendant Bank of America, N.A. ("Bank of America") stole and embezzled "approximately $25,000.00" from Ms. Wilson's accounts. Docket No. 37, p. 8. Ms. Wilson also alleges that Bank of America violated 15 U.S.C. § 45, 18 U.S.C. § 1344, and 15 U.S.C. § 1681i. Docket Nos. 37, 37-1. Bank of America has filed a Motion to Dismiss based on Ms. Wilson's failure to state a claim, asserting that she has not raised a right to relief beyond a speculative level, lacks a private cause of action, and did not file a claim within the applicable statute of limitations. Docket Nos. 38, 39. Bank of America contends that Ms. Wilson's Second Amended Complaint should be dismissed pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 38, p. 1; *see* Fed. R. Civ. P. 8(a), 12(b)(6). Ms. Wilson has filed a Response to Bank of America's Motion to Dismiss and a Memorandum in Support of her Response. Docket Nos. 40, 41. Bank of America has filed a Reply to Ms. Wilson's Response. Docket No 42.

Ms. Wilson has also filed a Motion for Permission to Late File (Docket No. 43), a Motion for Leave to File a Motion to Dismiss Bank of America's Motion to Dismiss Ms. Wilson's Second Amended Complaint (Docket No. 44), a Motion to Dismiss Bank of America's Reply in Support

of Its Motion to Dismiss Ms. Wilson's Second Amended Complaint (Docket No. 46), a Motion for Permission to Late File (Docket No. 47), a Motion for Leave to File Motion to Strike Bank of America's Motion to Dismiss Ms. Wilson's Second Amended Complaint (Docket No. 48), and a Motion to Strike Bank of America's Reply in Support of Its Motion to Dismiss Ms. Wilson's Second Amended Complaint (Docket No. 50). The Court will address Ms. Wilson's Motions (Docket Nos. 43, 44, 46, 47, 48, 50) in a separate Order.

For the reasons stated herein, the undersigned recommends that Bank of America's Motion to Dismiss (Docket No. 38) be GRANTED and that this matter be DISMISSED WITH PREJUDICE.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Courts must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Rule 8(a)(2), however, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "threadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

2

662, 678-79 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. Any claim for relief must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). "The basic pleading essentials are not abrogated in pro se cases." *Freeman v. Sullivan*, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 22, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

### III. LAW AND ANALYSIS

#### A. Bank of America's Motion to Dismiss Ms. Wilson's Second Amended Complaint

##### 1. The Statutes Cited by Ms. Wilson Do Not Provide a Private Cause of Action or Do Not Apply

In its Memorandum in Support of Its Motion to Dismiss, Bank of America contends that

3

Ms. Wilson cites statutes that are inapplicable or do not provide a private right of action. Docket No. 39. Furthermore, Bank of America argues that Ms. Wilson fails to clarify why some of these statutes would be applicable or provide her with a cause of action. *Id.* In response, Ms. Wilson argues in conclusory fashion that "the statutes she cited are applicable and provide a private right of action." Docket No. 41, p. 9. Notwithstanding this statement, the Plaintiff points to no legal authority to support her contention. The Court will address each statute cited by Ms. Wilson—15 U.S.C. § 45, 18 U.S.C. § 1344, and 15 U.S.C. § 1681i—in turn.

15 U.S.C. § 45 forbids unfair trade practices. In her Memorandum in Support of her Response to Bank of America's Motion to Dismiss, Ms. Wilson argues that Bank of America was clearly engaging in unfair trade practices, but she never explains why she has authority to enforce violations under this statute. Docket No. 41, p. 9. 15 U.S.C. § 45 only provides the Federal Trade Commission with enforcement power. *See Tacker v. Wilson*, 830 F. Supp. 422, 429-430 (W.D. Tenn. 1993). 15 U.S.C. § 45 frequently references the "Commission" and its ability to bring claims under the statute. 15 U.S.C. § 45(a)-(j), (l)-(n). It never refers to anyone besides the "Commission" having power to bring claims. *See* 15 U.S.C. § 45. As a result, Ms. Wilson does not have authority to raise a cause of action pursuant to this statute and has failed to state a claim under it.

18 U.S.C. § 1344 prohibits knowingly attempting to execute or executing fraud on a financial institution. 18 U.S.C. § 1344. Ms. Wilson argues that this statute is applicable because a Bank of America employee embezzled funds entrusted to Bank of America, a financial institution. Docket No. 41, p. 9. Like 15 U.S.C. § 45, Ms. Wilson fails to explain how she has authority to bring a claim under this statute. *See id.* This Court has held that 18 U.S.C. § 1344 does not create a private cause of action. *Gross v. USAA Corp.*, No. 3:04-0230, 2005 WL 8174895, at *2 (M.D. Tenn. Oct. 12, 2005). 18 U.S.C. § 1344 is also located under Title 18, which is a title of the U.S.

4

Code that refers to "Crimes and Criminal Procedure." *See* 18 U.S.C. Moreover, 18 U.S.C. § 1344 requires imprisonment or fines imposed by the government as punishment for violating the statute. The location of and the punishments for violating 18 U.S.C. § 1344, along with this Court's previous holding, indicate that this statute is intended for enforcement only by government agents. *See* § 1344; *Gross*, 2005 WL at *2. It follows that Ms. Wilson, who is not a government agent, does not have authority to raise a cause of action under 18 U.S.C. § 1344 and has subsequently failed to state a claim under this statute.

Lastly, 15 U.S.C. § 1681i requires a "consumer reporting agency" to conduct a reasonable investigation on the completeness or accuracy of any information in a consumer's file at the agency if the consumer notifies the agency directly or indirectly through a reseller. 15 U.S.C. § 1681i(a)(1)(A). A "consumer reporting agency" is defined in the statute as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Here, Ms. Wilson never alleges that Bank of America was acting as a "consumer reporting agency" nor does she allege facts that may give the Court the ability to reasonably infer that Bank of America was acting as a "consumer reporting agency." *See id.*; *Iqbal*, 556 U.S. at 678. Ms. Wilson makes no allegations that Bank of America engages or could engage in the practice of evaluating consumer credit information for the purpose of furnishing consumer reports to others. *See* Docket No. 37; § 1681a(f). Ms. Wilson's Response and Memorandum accompanying her Response also do not provide clarification on the applicability of the statute. *See* Docket Nos. 40, 41. In fact, Plaintiff does not dispute that the Second Amended Complaint fails to state a claim for violation § 1681(i). *Id.* Instead, she states that the statute was included "in

5

error" and that she meant to cite 18 U. S. C. § 656. Docket No. 41, p. 9. However, this criminal statue is likewise not cited or asserted as a claim in her Second Amended Complaint and does not include a private right of action. 15 U.S.C. § 1681a(f) is inapplicable to Ms. Wilson's allegations, and, accordingly, she has failed to state a claim under this statute as well.

The statutes Ms. Wilson has cited are neither applicable nor provide her with a private cause of action. For this reason, Ms. Wilson has failed to state a claim upon which relief can be granted and the Court recommends granting Bank of America's Motion to Dismiss. *See* Federal Rules of Civil Procedure 12(b)(6); Docket No. 38.

2. **Ms. Wilson Did Not Plead Sufficient Facts to Comply with Rule 8(a)**

Bank of America also contends that Ms. Wilson's Second Amended Complaint should be dismissed for not complying with Rule 8(a). *See* Docket No. 39, pp. 6-8; Fed. R. Civ. P. 8(a). Rule 8(a) states that, in order to state a claim for relief, a pleading must contain:

> (1) A short and plain statement of the grounds for the court's jurisdiction…;
> (2) A short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

Federal Rules of Civil Procedure 8(a). As an initial matter, Ms. Wilson's Second Amended Complaint likely satisfies parts (1) and (3) of Rule 8(a). *See* Docket No. 37, pp. 1-2 (listing grounds for the court's jurisdiction and a demand for the relief sought); Fed. R. Civ. P. 8(a)(1), (3). Bank of America contends, however, that Ms. Wilson does not demonstrate in her Second Amended Complaint that she is entitled to relief. Docket No. 39, p. 7. Specifically, Bank of America argues that Ms. Wilson does not raise her right to relief beyond a speculative level. Docket No. 39, p. 6; *Twombly*, 550 U.S. at 555. Plaintiff's response does nothing to illuminate her position. Again, Plaintiff states in conclusory fashion that her Complaint "raises her right to relief beyond a

6

speculative level and should not be dismissed with prejudice." Docket No. 41, p. 8. However, she points to no law or authority to contradict the Defendant's arguments and provides no basis for the Court to find otherwise.

The Court agrees with Bank of America. First, Ms. Wilson presents a difficult-to-follow description of her employment history and account transactions, which does not indicate that Bank of America dishonestly diverted funds from her account. *See* Docket Nos. 37, 41. For example, Ms. Wilson alleges that a deposit on June 6, 2013 at approximately 11:00pm led to a discrepancy leaving her unable to pay her rent on June 7. Docket No. 37, p. 8. Ms. Wilson alleges that this demonstrates embezzlement because the deposit later reappeared in her account on June 8. *Id.* Ms. Wilson, however, does not address how this "discrepancy" was anything more than simply a delay in the deposit appearing in her account due to her depositing the check after the standard deposit cutoff time of 8:00 PM. *See id.*; Docket No. 14-7, p. 63 (letter from Bank of America employee to Ms. Wilson's landlord explaining why she was unable to pay her rent on June 7). Additionally, Ms. Wilson argues that most of her bank statements had deductions in an "Other Subtractions" category and states that these deductions were improper, but she never provides sufficient information for the Court to infer that these deductions were improper. *See* Docket No. 37, p. 7. She provides a complete list of "justifiable debits," which does not include "Other Subtractions," yet never explains where this list came from or why "Other Subtractions" is not included as a "justifiable debit[]." *See id*. Both examples of fraud or embezzlement cited by Ms. Wilson are speculative and do not give the Court sufficient information to draw a reasonable inference that Bank of America is liable for the alleged conduct. *See Iqbal*, 556 U.S. at 679-80.

Furthermore, Ms. Wilson cites several statutes and regulations and alleges that Bank of America violated them. Docket No. 37, p. 11; Docket No. 37-1, p. 2. These allegations,

7

nevertheless, are presented in a conclusory manner. *See* Docket No. 37. Ms. Wilson does not allege how Bank of America violated the statutes and regulations she provides. *Id.* Ms. Wilson also fails to allege specifically which Bank of America representative violated these statutes or regulations. *Id.*

Even if the statutes that Ms. Wilson brought this action under provided her with a cause of action, she has failed to raise a right to relief beyond a speculative level, and her Second Amended Complaint should be dismissed for failing to state a claim under Rule 8(a). *See Twombly*, 550 U.S. at 555.

### 3. Ms. Wilson's Claims Are Barred by the Statute of Limitations

In her Complaint, Ms. Wilson alleges that the embezzlement or theft of her funds occurred between 2009 and 2013. *See* Docket No. 37, pp. 3, 8-9. Ms. Wilson mentions that she notified the Metropolitan Nashville Police Department in June 2013 regarding the alleged embezzlement or theft. Docket No. 37, p. 8. Later that year, she filed a complaint with the Consumer Finance Protection Bureau ("CFPB"). Docket No. 37, p. 9. In its Motion, Bank of America claims that Ms. Wilson's Second Amended Complaint should be dismissed because it was not filed within the applicable statute of limitations. Docket No. 39, p. 9. In addition, Bank of America contends that any potential claims she could have filed are also time barred. Docket No. 39, p. 10.

In response to Bank of America, Ms. Wilson argues that 18 U.S.C. § 3293(2) provides her with a ten-year statute of limitations. *See* Docket No. 41, pp. 9-10. The Court agrees with Bank of America that Ms. Wilson's claim was not filed within the applicable statute of limitations and that any potential claims filed by Ms. Wilson would be time barred. Furthermore, the Court disagrees with Ms. Wilson's argument that 18 U.S.C. § 3293(2) provides her with an applicable ten-year statute of limitations. The ten-year statute of limitation the Plaintiff references an 18 U. S. C. §

8

3293 is applicable to the criminal statutes set forth in the provision. Because none of the statutes create a private right of action, the purported ten-year limitation does not apply in this case. Plaintiff has offered no explanation, argument or authority that it does.

Additionally, assuming Ms. Wilson properly stated a claim under 15 U.S.C. § 1681i, Ms. Wilson's complaint is barred by 15 U.S.C. § 1681's statute of limitations provision. 15 U.S.C. § 1681p states that a plaintiff filing a claim under any provision of 15 U.S.C. § 1681 must file an action not later than the earlier of:

> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. Based upon Ms. Wilson's Complaint, the latest possible date that the violations could have occurred or that Ms. Wilson discovered the violations was in 2013, as indicated by her police report and CFPB complaint. *See* Docket No. 37, pp. 8-9. 2013 is over nine years prior to the date Ms. Wilson filed her Second Amended Complaint. *See* Docket No. 37 (filed November 2022). It follows that Ms. Wilson's claim under 15 U.S.C. § 1681i is time barred under both statute of limitations provisions under 15 U.S.C. § 1681p. *See* 15 U.S.C. § 1681p(1)-(2).

Moreover, any potential claims Ms. Wilson could raise are also time barred. If she raised claims under Tennessee law for a breach of contract or injury related to personal property, both claims would be time barred due to the alleged wrongdoing occurring over nine years from the date Ms. Wilson filed her Second Amended Complaint. *See, e.g.*, Tenn. Code Ann. § 28-3-109(a) (providing for a six-year statute of limitations for breach of contract claims); Tenn. Code Ann. § 28-3-105 (providing for a three-year statute of limitations for injuries related to personal property).

As a result, even if Ms. Wilson had properly stated a claim under 15 U.S.C. § 1681i, her claim would be barred by the applicable statute of limitations. Furthermore, any other claims that

Ms. Wilson could bring would likely also be barred by their prospective statutes of limitations. Therefore, Ms. Wilson's Second Amended Complaint should be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's Motion (Docket No. 38) be **GRANTED** and that this matter against Bank of America be **DISMISSED WITH PREJUDICE.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 7.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**